**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
————————

No. 14-1869
————————

UNITED STATES OF AMERICA

v.

FRANCIS APONTE,

Appellant

————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. Action No. 2-12-cr-00501-001)
District Judge: Honorable Paul S. Diamond

————————

Submitted Under Third Circuit L.A.R. 34.1(a)
January 22, 2015

————————

Before:  FISHER, JORDAN, and GREENAWAY, JR., *Circuit Judges.*
(Opinion Filed:  February 19, 2015)

————————

OPINION*

————————

---

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Appellant Francis Aponte appeals his conviction for unlawful possession of a firearm by convicted felon on the basis of prosecutorial misconduct. Aponte also argues that the District Court committed plain error by sentencing him under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). For the following reasons, we will affirm.

## I.    BACKGROUND

On June 17, 2012, Philadelphia police officers Christopher Sarris and Todd Lewis (the "Officers"), members of the Special Weapons and Tactics ("SWAT") unit, heard gunshots while on patrol. The Officers immediately observed Aponte firing a handgun in the air while another man stood next to him watching. The Officers approached the two men, retrieved the handgun, and arrested Aponte.

A federal grand jury returned an indictment charging Aponte with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). At trial, the jury found Aponte guilty of the charged offense; he was subsequently sentenced to 240 months' imprisonment. This timely appeal followed.

## II.    ANALYSIS[1]

### a. Prosecutorial Misconduct

"[N]on-contemporaneous objections are reviewed for plain error." *United States v. Lee*, 612 F.3d 170, 193 (3d Cir. 2010) (citing *United States v. Brennan*, 326 F.3d 176, 182 (3d Cir. 2003)). "For reversible plain error to exist, there must be (1) an error; (2)

---

[1] The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

2

that is plain; (3) that affects substantial rights; and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Tai*, 750 F.3d 309, 313–14 (3d Cir. 2014) (citing *Johnson v. United States*, 520 U.S. 461, 466–67 (1997)). "[W]e may reverse only if we find an error in the prosecutor's comments so serious as to 'undermine the fundamental fairness of the trial and contribute to a miscarriage of justice.'" *United States v. Pungitore*, 910 F.2d 1084, 1126 (3d Cir. 1990) (quoting *United States v. Young*, 470 U.S. 1, 16 (1985)). As Aponte concedes, he did not make a contemporaneous objection. Accordingly, we will review for plain error.

Aponte argues that his conviction should be vacated because the government made improper statements during its closing argument. Specifically, Aponte contends that the government committed misconduct by: (1) appealing to the jury's passion by invoking the possibility of a shoot-out and injury to Aponte, the police, or bystanders;[2] and (2) vouching for the Officers' credibility.[3] After reviewing the entirety of the government's closing statement, we find Aponte's arguments lack merit.

At trial, Aponte's counsel argued that the Officers did not see Aponte in

---

[2] Such statements included, inter alia, that Aponte owed "a debt of gratitude [to the Officers] . . . because of the remarkable professionalism and restraint" that the Officers exhibited. The government added that "[e]very breath that this Defendant has taken up to this moment has been a direct result of that professionalism and extraordinary restraint by those Officers." App. 199.

[3] Among other things, Aponte objects to the government's description of the Officers as being "highly trained" and having exercised "extraordinary restraint" and "remarkable professionalism" throughout the encounter with Aponte. App. 199. Aponte also objects to the government's statement that the "Officers got it right and [] followed their procedures," and took Aponte "into custody in conformance with the protocols of the Philadelphia Police Department." *Id.* 202–03.

3

possession of the firearm and failed to conduct a proper investigation to identify the actual shooter. Further, his counsel claimed that the Officers arrested him on the basis of his prior criminal history. As a result, the Officers' credibility, training, and adherence to protocol were relevant issues. The government's closing argument addressed these issues in a manner consistent with, and supported by, the evidence introduced at trial. Further, there is no basis to conclude that any of the government's statements undermined the fundamental fairness of the trial. Thus, there was no plain error and Aponte is not entitled to a new trial.[4]

### b. Sentencing

Aponte next argues that the District Court committed plain error by sentencing him under § 924(e)(1) of the ACCA.[5] Aponte did not object to this issue at sentencing; we will accordingly only review for plain error.[6] *See United States v. Olano*, 507 U.S.

---

[4] Aponte also argues that 18 U.S.C. § 922(g)(1) is unconstitutional. Aponte acknowledges that this argument is foreclosed by Third Circuit precedent, *see United States v. Singletary*, 268 F.3d 196 (3d Cir. 2001) and *United States v. Shambry*, 392 F.3d 631 (3d Cir. 2004). These issues are raised for preservation purposes only.

[5] That subsection requires a sentence of a minimum of fifteen years of imprisonment for individuals found to have violated 18 U.S.C. § 922(g) who have "three previous convictions . . . for a violent felony or a serious drug offense, or both . . . ." Aponte also argues that an enhanced sentence under the ACCA violates his Fifth and Sixth Amendment rights under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 133 S. Ct. 2151 (2013). Aponte acknowledges that this argument is foreclosed by the Supreme Court's ruling in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and raises it here for the purpose of preservation only.

[6] At sentencing, Aponte did not dispute the fact of his conviction, but only its use in determining his sentence:

THE COURT: He's not disputing the fact of the conviction, just its use in –
MR. STOSIC: Yes, Your Honor.

725, 731–32 (1993). Here, the presentence report ("PSR") included three prior convictions that potentially qualified as predicate offenses under the ACCA: two drug offenses and one robbery conviction. "Aponte does not dispute that the two drug offenses qualify as ACCA predicates. Nor does he dispute that a robbery would qualify as an ACCA predicate, if proven." Appellant Br. 30 (footnote omitted). Instead, Aponte argues that the District Court committed plain error by relying on the PSR as the only evidence of the robbery conviction.

Aponte makes no attempt on appeal to establish that the District Court committed plain error by relying on the robbery conviction in the PSR. As noted, the District Court inquired into this issue at sentencing and was assured by Aponte's counsel that there was no dispute as to the underlying conviction. Moreover, Aponte does not contend on appeal that he was not convicted of the 1996 robbery. Lastly, Aponte offers no other basis upon which to conclude that the District Court improperly relied on the PSR as evidence of the robbery conviction. Accordingly, we reject Aponte's claim of error.

## III. CONCLUSION

For the foregoing reasons, we will affirm the judgment of conviction.

---

THE COURT: – determining his sentence?
MR. STOSIC: Yes, Your Honor.
App. 327. The government argues that in light of Aponte's concession at sentencing, he has waived his right to pursue this claim. However, we will assume, arguendo, that Aponte did not waive this claim.

5